JOHN MARSHALL *et al.*, executors, &c., plaintiffs in error, *v.* ARNOLD B. DUKE, administrator, &c., defendant in error.

*Error to Gallatin.*

A plea to the merits is a waiver of a demurrer, but a demurrer does not waive a plea. Where a plea is filed to a declaration, and subsequently a demurrer to the same declaration, it is error in the Court to render judgment by default, upon overruling the demurrer.

THIS cause was heard in the Court below, at the July term, 1837, before the Hon. Walter B. Scates.  Judgment was rendered for the plaintiff, upon demurrer to the declaration.  The damages were assessed by a jury at $300.

H. EDDY, for the plaintiffs in error.

W. J. GATEWOOD, for the defendant in error.

BREESE, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, commenced by Duke, as administrator of his wife Margaret, widow of John Seebolt, deceased, against the plaintiffs in error, as executors of said Seebolt.  There are three counts in the declaration ; and on the 7th of October, at the October term, 1835, of the Gallatin Circuit Court, the defendants pleaded the general issue and two special pleas, which seem not to have been noticed by the plaintiff.  On the following day, the 8th of October, the defendants demurred generally to the declaration, on which the plaintiff joined.  The Court sustained the demurrer to the two first counts, and overruled it as to the third, and then gave judgment against the defendants, by default, and had the damages assessed by the jury, upon which final judgment was rendered.  A writ of error being presented to this Court, several errors are assigned, but we do not deem it necessary to notice any except that of rendering judgment by default, when there were several pleas filed and undisposed of.  The rule is, that a plea to the merits is a waiver of a demurrer, but a demurrer does not waive a plea.  It was irregular, then, for the Court to render judgment, while the plea of the general issue, and the special pleas remained unanswered, as it does not appear from the record, that those pleas were ever withdrawn. (1)

(1) Semple *v.* Locke, Breese's App. 5.

For this irregularity, the judgment of the Court below is revers-
ed, and the cause remanded, with directions to proceed upon the
pleas filed.

*Judgment reversed.*